UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:06CR151-FDW

UNITED STATES OF AMERICA,
                        Plaintiff,
    v.

(3) MICHAEL ATTILIO MANGARELLA,
                        Defendant.

_____

**ORDER OF FORFEITURE**

In the Superceding Bill of Indictment in this case, Count One charged Defendant Michael Attilio Mangarella with conspiracy in violation of 18 U.S.C. §§ 371 and 2326(2)(A) and (B), and Counts Two through Twenty-Three charged Defendant with wire fraud and attempt in violation of 18 U.S.C. §§ 1343, 2326(2)(A) and (B), and 2. Based on these counts, the Superceding Indictment also contained a notice providing for forfeiture of criminal proceeds and facilitating property pursuant to 18 U.S.C. § 982(a)(8), any substitute property which would be subject to forfeiture under 21 U.S.C. § 853(p), and "a sum of money representing the amount of proceeds obtained as a result of the offense for which defendants are convicted up to a value of $10,000,000.00."

On September 18, 2008, a Jury returned a Verdict whereby the Jury found Defendant guilty as charged in all counts of the Superceding Indictment. In addition, the Jury returned a Special Verdict whereby the Jury found that the total proceeds of the conspiracy involving telemarketing were $17,351,430.12 and the total proceeds of the wire fraud were $31,633.00.

Based on the Superceding Indictment, evidence presented at trial, Verdict, and Special

Verdict, it is therefore ORDERED that:

1. Defendant shall forfeit $10,000,000.00 in proceeds of the conspiracy involving telemarketing and proceeds of the of the wire fraud, and, as set forth in Fed. R. Crim. P. 32.2(c)(1), no ancillary proceeding shall be required to the extent that this Order provides for the $10,000,000.00 money judgment;

2. Since, as a result of any act or omission of Defendant, criminal proceeds and facilitating property forfeitable pursuant to 18 U.S.C. § 982(a)(8) cannot be located upon the exercise of due diligence, have been transferred or sold to, or deposited with, a third party, have been placed beyond the jurisdiction of the court, have been substantially diminished in value, or have been commingled with other property which cannot be divided without difficulty, the following property is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n) and in partial satisfaction of the money judgment ordered in paragraph 1 above:

   a. Approximately 5,000,000 in Colones (the equivalent of approximately $10,000 in U.S. Currency) seized from a safe at Defendant's residence at Urbanizacion Los Lagos #2, del Bazar Pili, 250 metros al oeste, 200 sur y 450 oeste, casa al final a mano derecha, con techo de teja al frente, color amarilla, such Colones now under the control of the Miami U.S. Postal Inspection Service;

   b. Approximately $30,750 in U.S. Currency seized from a safe at Defendant's residence at Urbanizacion Los Lagos #2, del Bazar Pili, 250 metros al oeste, 200 sur y 450 oeste, casa al final a mano derecha, con techo de teja al frente, color amarilla, such currency

      now under the control of the Miami U.S. Postal Inspection Service;

  c. Approximately $3414 in U.S. Currency seized from Defendant's call center in Costa Rica at Rohrmoser, de la Panderia Musmani (Parque de la Amistad) 200 metros al norte y 50 este, casa blanca con porton cafe, mano derecha, such currency now under the control of Costa Rican law enforcement officials; and

  d. Defendant's Costa Rican real property, such real property particularly described as Urbanizacion Los Lagos #2, del Bazar Pili, 250 metros al oeste, 200 sur y 450 oeste, casa al final a mano derecha, con techo de teja al frente, color amarilla.

  3. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish as required by law notice of this order and notice that any person, other than Defendant, having or claiming a legal interest in any of forfeited property identified in paragraph 2 above must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.  The United States may, as permitted by law and to the extent practicable, provide direct written notice, to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice.

  4. Upon adjudication of all third-party interests, this Court will enter a final order and judgment of forfeiture pursuant to 21 U.S.C. § 853(n).

IT IS SO ORDERED.

Signed: February 3, 2009

Frank D. Whitney
United States District Judge