# United States District Court
## For The Western District of North Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| V. | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: DNCW306CR000151-003 |
| | USM Number: 22617-058 |
| MICHAEL ATTILIO MANGARELLA | |
| (Name of Defendant) | |

**Filed Date of Original Judgment:** 5/18/11

**(Or Filed Date of Last Amended Judgment)**

Cheige Okwara

Defendant's Attorney

**Reason for Amendment:**

    Correction of Sentence on Remand (18 U.S.C. § 3742(f)(1) and (2))

    Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

    Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

    Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

    Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

    Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

**X** Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

    Direct Motion to District Court Pursuant

       28 U.S.C. § 2255    Or    18 U.S.C. § 3559(c)(7)

    Modification of Restitution Order 18 U.S.C. § 3664

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

THE DEFENDANT:
    Pleaded guilty to count(s) .
    Pleaded nolo contendere to count(s) which was accepted by the court.
**X** was found guilty on count(s) 1s - 17s & 19s - 23s after a plea of not guilty.

| Title and Section | Nature of Offense | Date Offense Concluded | Counts |
|---|---|---|---|
| 18:371 | Conspiracy to Defraud the United States | May 16, 2006 | 1s |
| 18:1343 and 2 | Wire Fraud & Aiding and Abetting | 7/15/05, 7/18/05, 8/23/05, 8/29/05, 9/20/05, 10/11/05, 10/26/05, 11/16/05, 11/22/0512/6/05, 12/7/05, 12/8/05, 12/12/05 & 12/13/05 | 2s - 17s |
| 18:1343 and 2 | Wire Fraud & Aiding and Abetting | 12/13/05, 12/15/05 & 12/16/05 | 19s - 23s |

    The Defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 reference to Booker, and 128 U.S.C. 3553(a).

    The Defendant has been found not guilty on count(s) .
**X** Count(s) 1 - 23 & 18s (is)(are) dismissed on the motion of the United States.

    **IT IS ORDERED** that the Defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay monetary penalties, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence / Date Court Ordered Amendment: May 11, 2011

Signed: May 26, 2011

Frank D. Whitney
United States District Judge

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>Count 1s: SIXTY (60) MONTHS; Count 2s: SIXTY (60) MONTHS to run consecutively with Count 1s; Counts 3s - 17s: TWO HUNDRED FORTY (240) each count to run concurrently with each other and consecutively with Counts 1s & 2s; Counts 19s - 23s: TWO HUNDRED FORTY (240) MONTHS each count to run concurrently with each other and with counts 3s -17s and consecutively with counts 1s & 2s for a total term of THREE HUNDRED SIXTY (360) MONTHS</u>.

_X_ The Court makes the following recommendations to the Bureau of Prisons:
- Defendant shall participate in the Inmate Financial Responsibility Program to support dependants and for payment of Court imposed monetary penalties.
- Defendant shall participate in any Substance abuse Programs available through BOP while incarcerated and if eligible receive benefit of 18:3621(e)(2)
- Defendant shall participate in any Mental Health Treatment Programs while incarcerated.
- Defendant shall participate in a Sex Offender Treatment Program while incarcerated.
-Defendant shall be designated to FCI Butner Medium so that he can continue the Mental Health Programs for which he is currently en rolled.

_X_ The Defendant is remanded to the custody of the United States Marshal.

___ The Defendant shall surrender to the United States Marshal for this District:

   ___ as notified by the United States Marshal.

   ___ at___a.m. / p.m. on ___.

___ The Defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ___ as notified by the United States Marshal.

   ___ before 2 p.m. on ___.

   ___ as notified by the Probation Office.

**RETURN**

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this Judgment.


_____
      United States Marshal

                                                    By: _____
                                                              Deputy Marshal

Defendant: MICHAEL ATTILIO MANGARELLA  Judgment-Page 3 of 5
Case Number: DNCW306CR000151-003

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS each count to run concurrently.

___  The condition for mandatory drug testing is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

### STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court and any additional conditions ordered.

1. The defendant shall not commit another federal, state, or local crime.
2. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.
3. The defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release on a schedule to be established by the Court.
4. The defendant shall provide access to any personal or business financial information as requested by the probation officer.
5. The defendant shall not acquire any new lines of credit unless authorized to do so in advance by the probation officer.
6. The defendant shall not leave the Western District of North Carolina without the permission of the Court or probation officer.
7. The defendant shall report in person to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
8. A defendant on supervised release shall report in person to the probation officer in the district to which he or she is released within 72 hours of release from custody of the Bureau of Prisons.
9. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
10. The defendant shall support his or her dependents and meet other family responsibilities.
11. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other activities authorized by the probation officer.
12. The defendant shall notify the probation officer within 72 hours of any change in residence or employment.
13. The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as duly prescribed by a licensed physician.
14. The defendant shall participate in a program of testing and treatment or both for substance abuse if directed to do so by the probation officer, until such time as the defendant is released from the program by the probation officer; provided, however, that defendant shall submit to a drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter for use of any controlled substance, subject to the provisions of 18:3563(a)(5) or 18:3583(d), respectively.
15. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
16. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
17. The defendant shall submit his person, residence, office, vehicle and/or any computer system including computer data storage media, or any electronic device capable of storing, retrieving, and/or accessing data to which they have access or control, to a search, from time to time, conducted by any U.S. Probation Officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant. The defendant shall warn other residents or occupants that such premises or vehicle may be subject to searches pursuant to this condition.
18. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed by the probation officer.
19. The defendant shall notify the probation officer within 72 hours of defendant's being arrested or questioned by a law enforcement officer.
20. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
21. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
22. If the instant offense was committed on or after 4/24/96, the defendant shall notify the probation officer of any material changes in defendant's economic circumstances which may affect the defendant's ability to pay any monetary penalty.
23. If home confinement (home detention, home incarceration or curfew) is included you may be required to pay all or part of the cost of the electronic monitoring or other location verification system program based upon your ability to pay as determined by the probation officer.
24. The defendant shall cooperate in the collection of DNA as directed by the probation officer.
25. The defendant shall participate in transitional support services under the guidance and supervision of the U.S. Probation Officer. The defendant shall remain in the services until satisfactorily discharged by the service provider and/or with the approval of the U.S. Probation Officer.

ADDITIONAL CONDITIONS:

25. Defendant shall submit to a Mental Health Evaluation/Treatment Program under the guidance of the U.S. Probation Office and shall remain in treatment and take all prescribed medications until satisfactorily discharged by the program and the approval of the U.S. Probation Office.
26. Defendant shall register as a sex offender and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments.

| ASSESSMENT | FINE | RESTITUTION |
|---|---|---|
| $2,200.00 | $0.00 | $2,687,501.47 |
| | | ***Total outstanding balance of Restitution due and remains in effect*** |

## FINE

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

_X_    The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

_X_    The interest requirement is waived.

___    The interest requirement is modified as follows:

## COURT APPOINTED COUNSEL FEES

___    The defendant shall pay court appointed counsel fees.

___    The defendant shall pay $_____ Towards court appointed fees.

# RESTITUTION PAYEES

The defendant shall make restitution to the following payees in the amounts listed below:

| NAME OF PAYEE | AMOUNT OF RESTITUTION ORDERED |
|---|---|
| see attached list | |

__X__   Joint and Several

    __X__   Defendant and Co-Defendant Names and Case Numbers *(including defendant number)* if appropriate:

        1. 3:06CR373   Ian Barker & Donald Duncan
        2. 3:07CR48     Ian Barker
        3. 3:07CR49     Donald Duncan
        4. 3:05CR400   Charles Cummins, et. al
        5. 3:07CR115   Samuel Hofhenke
        6. 3:07CR86     Sunny Siguenza
        7. 3:07CR183   Patrick Ohlweiler
        8. 3:07CR119   Jaime Ligator, et. al
        9. 3:07CR229   Jimmy Joe Ross Latimer
      10. 3:07CR273   Susan Cummins
      11. 3:08CR98     Jesse Lopez
      12. 3:08CR78     Carlo Testore
      13. 3:07CR166   Michal Zakrzewski
      14. 3:06cr151     Giuseppe Pileggi, et al
      15. 3:07CR167   Severin Stone

    __X__   Court gives notice that this case may involve other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered here in and may order such payment in the future.

    __X__   The victims' recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victim(s) receive full restitution.

    __X__   Any payment not in full shall be divided proportionately among victims.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ___ Lump sum payment of $ _____ Due immediately, balance due

___ Not later than _____ , or
___ In accordance ___ (C), ___ (D) below; or

B  X  Payment to begin immediately (may be combined with ___ (C),  X  (D) below); or

C ___ Payment in equal _____ (E.g. weekly, monthly, quarterly) installments of $ _____ To commence _____ (E.g. 30 or 60 days) after the date of this judgment; or

D  X  Payment in equal  Monthly  (E.g. weekly, monthly, quarterly) installments of $  50.00  To commence  60  (E.g. 30 or 60 days) after release from imprisonment to a term of supervision.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. Probation Officer shall pursue collection of the amount due, and may request the court to establish or modify a payment schedule if appropriate 18 U.S.C. § 3572.

Special instructions regarding the payment of criminal monetary penalties:

___ The defendant shall pay the cost of prosecution.
___ The defendant shall pay the following court costs:
 X  The defendant shall forfeit the defendant's interest in the following property to the United States:
   Pursuant to Order of forfeiture document #418.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court Clerk, 401 West Trade Street, Room 210, Charlotte, NC 28202, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. All criminal monetary penalty payments are to be made as directed by the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Defendant: MICHAEL ATTILIO MANGARELLA  Judgment-Page 6 of 6
Case Number: DNCW306CR000151-003

## STATEMENT OF ACKNOWLEDGMENT

I understand that my term of supervision is for a period of _____months, commencing on _____ .

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I understand that revocation of probation and supervised release is mandatory for possession of a controlled substance, possession of a firearm and/or refusal to comply with drug testing.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.


(Signed)  _____  Date: _____
          Defendant

(Signed)  _____  Date: _____
          U.S. Probation Office/Designated Witness