IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:06-CR-151-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL ATTILIO MANGARELLA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

THIS MATTER comes before the Court on Defendant Michael Attilio Mangarella's Emergency Motion for Reconsideration to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 693). For the reasons that follow, Defendant's Motion for Reconsideration is DENIED.

I. **BACKGROUND**

On September 18, 2008, a jury convicted Defendant in this Court of conspiracy to defraud the United States, 18 U.S.C. § 371, and multiple counts of wire fraud, 18 U.S.C. § 1343, 18 U.S.C. § 2, after he was extradited from Costa Rica where he and others operated a fraudulent sweepstakes scheme aimed at U.S. citizens. (Doc. No. 341). This Court initially sentenced Petitioner to a term of 600 months' imprisonment. (Doc. No. 471). While Petitioner's appeal was pending, the Fourth Circuit Court of Appeals vacated the sentence of Petitioner's co-defendant, Giuseppe Pileggi, who had received the same term, on the ground that it was a de facto life sentence that was not in accord with the assurance given to Costa Rica. Before briefing on Petitioner's appeal was completed, Petitioner moved to remand his case for resentencing, and the motion was granted. (Doc. No. 523).

Defendant, at the time of sentencing, had a lengthy criminal history—including multiple domestic violence convictions and a sex offense against a minor. (Doc. No. 427). One felony

1

conviction for "attempted coercion" stemmed from Defendant threatening his then-wife with a gun and shooting her in the leg. Id. at 15-16. Defendant had two other additional misdemeanor convictions for domestic violence in 1996 and 1999. Id. at 16-17. Defendant also pleaded guilty in 1999 to a felony charge of "Lewdness with a Child Under the Age of 14 Years," which required him to register as a sex offender. Id. at 17-18. This offense involved sexual contact with his then-wife's niece. (Doc. No. 327, p. 8). The presentence report, at the time, noted that Defendant left for Costa Rica in 2000, in violation of his probation, and remained outside the United States until his arrest and extradition in 2008. (Doc. No. 427, p. 9).

On remand, this Court adopted its previous rulings on Petitioner's objections to the presentence report and imposed a sentence of 360 months, as well as ordering restitution of $2,687,501.47 and forfeiture of $10 million. (Doc. No. 573). Defendant appealed and the Fourth Circuit affirmed in an unpublished opinion on July 10, 2012. (Doc Nos. 579, 617). On September 30, 2013, Defendant filed a pro se motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. No. 633). On April 22, 2014, this Court denied the motion to vacate on the merits and with prejudice. (Doc. No. 635). Defendant appealed and on December 24, 2014, the Fourth Circuit Court of Appeals dismissed the appeal. (Doc. Nos. 637, 639).

<u>Mangarella's pre-pandemic motion for compassionate release</u>

Defendant filed his motion for compassionate release on December 17, 2019—before the COVID-19 pandemic began affecting the United States. (Doc. No. 679). On March 9, 2020, the Government filed its response in opposition to Defendant's motion. (Doc. No. 684). The Government opposed on the grounds that Defendant had not shown that his conditions were causing a serious deterioration in his mental or physical health. Id. On March 16, 2020, the Court denied Defendant's motion. (Doc. No. 686). At that time, while acknowledging documented

2

Case 3:06-cr-00151-FDW-DCK   Document 716   Filed 12/08/20   Page 2 of 8

medical conditions including emphysema "as a subset of chronic airway obstruction COPD," the Court concluded that Defendant had "failed to establish that [his medical conditions] are causing 'a serious deterioration in physical or mental health because of the aging process,'" as is required under the relevant Sentencing Commission policy statement applicable to a request for compassionate release. Id. at 4 (quoting U.S.S.G. § 1B1.13 cmt. n.1(B)).

Defendant's Reconsideration Motion

Defendant initially sought reconsideration by a motion filed on March 31, 2020. (Doc. No. 687). In his motion, Defendant cited concerns about the COVID-19 pandemic and the heightened risks he faced due to his age and chronic lung conditions. Id. On April 6, 2020, the Government filed its response, opposing reconsideration on the grounds that the generalized risk of contracting COVID-19 was not an "extraordinary and compelling" circumstance warranting his release. (Doc. No. 688). The Government noted in its response that the Attorney General had directed the Bureau of Prisons to consider for home confinement, all prisoners with COVID-19 risk factors, so long as they met guidelines set by the Attorney General. Id. at 1. On April 9, 2020, the Court denied Defendant's motion for reconsideration in a text-only order.

Department of Justice Guidance – April 13, 2020

On April 13, 2020, the DOJ issued guidance instructing Government attorneys to concede in its responses to compassionate release motions that an inmate may show an "extraordinary and compelling reason" warranting compassionate release if (1) they have a condition that elevates the inmate's risk of serious illness under guidelines established by the Center for Disease Control (CDC), and (2) the inmate is more likely to contract COVID-19 in his or her particular institution than if released. Even if an inmate could meet that "extraordinary and compelling" standard, an inmate's release would then have to be consistent with the factors under 18 U.S.C. § 3553(a).

3

### Department of Justice Guidance – May 18, 2020

On May 18, 2020, the DOJ issued additional guidance instructing Government attorneys as to the specific conditions that could warrant compassionate release, among them chronic lung diseases such as COPD and emphysema. The guidance instructed DOJ attorneys to focus less on the current outbreak in a particular institution, if opposing release because a change in conditions could require the Government to relitigate the issue.

### Mangarella's Emergency Motion for Reconsideration

On July 13, 2020, after retaining counsel, Defendant filed an Emergency Motion for Reconsideration. (Doc. No. 693). Defendant reiterated his claim that he was particularly susceptible to COVID-19 due to his chronic lung conditions and cited the growing outbreak at the FCI Coleman correctional complex—114 cases at the time of his filing—as the basis for his immediate release. (Doc. No. 694). On July 28, the Government filed a response dropping its opposition. (Doc. No. 700). Per DOJ guidance, the Government conceded that Defendant's chronic lung diseases, COPD, and emphysema did constitute a "compelling and extraordinary" reason warranting compassionate release. Id. at 5. The Government also conceded that the § 3553(a) factors had been met in light of Defendant's having served 14 years of his 30- year sentence, his minimal disciplinary record while incarcerated, and the risk of harm from further incarceration. Id. Notably, the Government attorneys who drafted and approved the response had ***not*** reviewed Defendant's original PSR and were unaware of his prior criminal history.

### Department of Justice Guidance – July 28, 2020

On July 28, 2020, the DOJ issued additional guidance on two different types of COVID-19 risk factors recognized by the CDC: (1) those that *definitively* entail a greater risk of severe illness; and (2) those that *might* increase the risk of severe illness. Government attorneys were

Case 3:06-cr-00151-FDW-DCK   Document 716   Filed 12/08/20   Page 4 of 8

directed to concede that a chronic medical condition in the first category presented an "extraordinary and compelling" reason warranting compassionate release. COPD and emphysema remained on the CDC's list of the conditions that definitely entail a greater risk of severe illness.

Telephonic Hearing – August 5, 2020

On August 5, 2020, the Court held a telephonic hearing during which it raised three issues with the Government: (1) current DOJ guidance on compassionate release motions; (2) whether Defendant's victims had been notified of his possible release; and (3) the Government's analysis of the § 3553(a) factors.

## II. DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

In Defendant's Motion he discusses the extraordinary and unprecedented challenges the coronavirus poses for the nation and the potential serious issues prisons face. Defendant states he currently has chronic emphysema, irreversible lung disease, BPH Benign Hypertrophy of Prostrate, Chronic obstructive pulmonary disease, polyneuropathy in diabetes, vertigo, and other age-related diseases. (Doc. No. 679).

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in

5

prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)…[1]

In addition to satisfying subsections (i) or (ii), the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission…." 18 U.S.C. § 3582(c)(1). The Sentencing Commission's policy statement with regard to compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy recognizes the following extraordinary and compelling reasons:

(A) Medical Condition of the Defendant –

(i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)….

(ii) The defendant is –

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the

---

[1] Addressing factors to reasonably assure the appearance of the person as required and the safety of any other person and the community.

6

Case 3:06-cr-00151-FDW-DCK   Document 716   Filed 12/08/20   Page 6 of 8

> defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in a combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, application note 1; see also 28 U.S.C. § 994(t) (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction). Rehabilitation, by itself, is not an extraordinary and compelling reason for sentence reduction. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, application note 3.

*Assuming without deciding*, Defendant has demonstrated the existence of "extraordinary and compelling reasons" for supporting his Motion pursuant to § 3582(c)(1)(A)(i), it still requires that this Court consider the factors listed in 18 U.S.C. § 3553(a) before granting Defendant's motion. These factors, which include "the nature and circumstances of [his] offense," his "history and characteristics," and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant," weigh heavily in favor of Defendant's continued imprisonment. 18 U.S.C. § 3553(a).

Defendant's offense was "one of the most heinous white-collar crimes this court has ever seen." (Doc. Nos. 498, p. 132, 587, p. 68). This Court also noted that Defendant's personal history included prior "unacceptable crimes" representative of "the bully" that the Court found him to be in his personal life and reflected in the trial evidence. Id. at 132–33. His prior convictions were for domestic violence—including one in which he shot his ex-wife—and sexual contact with a minor. Although it has been many years since Defendant's prior convictions, and despite some laudable examples of behavior since being incarcerated, these remain serious

7

concerns. Finally, Defendant violated his probation and left for Costa Rica mere months after his sex offense conviction and thus was never monitored over time to see whether he would cease being a danger to minors. In short, Defendant is not the type of low-risk inmate who would pose no threat to public safety if released.

The seriousness of Defendant's crime and the need to satisfy various purposes of punishment require a significant sentence. Defendant's continued incarceration ensures that he cannot victimize others, whether physically or financially. Defendant's guidelines range was life imprisonment, however, because of the assurances made to the Costa Rican government—as a condition of extradition—that he and co-conspirators were given a much shorter sentence than the sentencing guidelines prescribed. Therefore, considering Defendant's violent conduct, his extensive criminal history, his disrespect for the law, and the need to protect the public from him as well as the other 3553(a) factors, the Defendant's Motion for Compassionate Release (Doc. No. 693) is DENIED.

## III. CONCLUSION

For the foregoing reasons, Defendant has failed to demonstrate that he should be granted a sentence reduction, therefore, his Emergency Motion for Reconsideration to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. No. 693) is **DENIED**.

Signed: December 7, 2020

_____

Frank D. Whitney
United States District Judge