UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06-cr-151-FDW-DCK-3
(3:21-cv-296-FDW)

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| MICHAEL ATTILIO MANGARELLA, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's *pro se* "Motion to Alter or Amend Erroneous Order or Judgment," (Doc. No. 733), that was filed in the instant criminal case ("CR").[1]

Defendant is presently serving a 360-month sentence for his role in a fraudulent sweepstakes scheme that targeted U.S. citizens from Costa Rica. (CR Doc. Nos. 113, 341, 471, 573); United States v. Mangarella, 489 F. App'x 648 (4th Cir. 2012). Following his direct appeal, Defendant prosecuted a § 2255 Motion to Vacate and numerous other *pro se* post-conviction challenges to his conviction and sentence, all of which have been unsuccessful. See Case Nos. 3:13-cv-555, 3:16-cv-334. Most recently, Defendant filed a "Motion for Relief from Judgment…" that was construed as an unauthorized successive § 2255 Motion to Vacate, and was dismissed for lack of jurisdiction on June 25, 2021, Case No. 3:21-cv-296 ("CV").

Presently pending is a "Motion to Alter or Amend Erroneous Order or Judgment" in which the Defendant argues that the Court "erroneously denied the Motion," and mischaracterized it as a

---

[1] An appeal of the denial of Defendant's emergency motion for a sentence reduction is presently pending in the Fourth Circuit, Case No. 20-7912.

1

§ 2255 Motion to Vacate. (CR Doc. No. 733). As the Motion to Alter or Amend appears to address the Court's Order in Civil Case No. 3:21-cv-296, the Clerk will be instructed to docket the Motion to Alter or Amend and this Order in that case.

The present Motion was filed within 28 days of the Order dismissing Case No. 3:21-cv-296. It will therefore be construed as a Rule 59(e) Motion to Alter or Amend. A Rule 59(e) motion to alter or amend a judgment may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks omitted). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002).

Defendant contends that the Court erroneously characterized his Motion for Relief from judgment as a § 2255 Motion to Vacate, which allowed it to deny relief without addressing the merits of his claims, *i.e.*, that the indictment is invalid, there was a fraud on the court, and the prosecutor engaged in malicious misconduct. Rule 59(e) relief is unavailable because Defendant has failed to identify any intervening change in the law, new evidence, or a clear error of law or manifest injustice. Defendant's contention that he was not seeking § 2255 relief in that proceeding is unavailing. See Castro v. United States, 540 U.S. 375 (2003) (noting that courts may sometimes ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize it to create a better correspondence between the substance of the motion's claim and its underlying legal basis). In his most recent § 2255 action and in the instant Motion, Defendant is yet again attempting to challenge the conviction and sentence without complying with the procedural requirements that

apply to post-conviction proceedings. See generally United States v. Winestock, 340 F.3d 200 (4th Cir. 2003); 28 U.S.C. §§ 2241, 2255. The very purpose of § 2255 is to remedy fundamental constitutional, jurisdictional, or other errors where the lack of relief would inherently result in a complete miscarriage of justice. See United States v. Addionizio, 442 U.S. 178, 185 (1979); Hill v. United States, 368 U.S. 424, 428 (1962). His contention that his allegations that the Court lacked subject-matter jurisdiction over the criminal proceeding somehow fall outside of § 2255's purview, or are exempted from its procedural requirements, is meritless. See, e.g., Henderson v United States, 2018 WL 1413185 (W.D.N.C. March 21, 2018) (explaining that § 2255's one-year statute of limitations applies to an argument that the court lacked subject-matter jurisdiction over the criminal case). Therefore, Defendant's Motion to Alter or Amend the Order dismissing his most recent § 2255 Motion to Vacate is denied.

Further, to the extent that Defendant is again attempting to directly challenge his conviction or sentence, such is yet another unauthorized successive post-conviction challenge that is dismissed for lack of subject-matter jurisdiction. See 28 U.S.C. § 2255(h).

**IT IS, THEREFORE, ORDERED** that Defendant's *pro se* "Motion to Alter or Amend Erroneous Order or Judgment," (Doc. No. 733), is **DISMISSED** and **DENIED**.

The Clerk is instructed to docket the Motion (Doc. No. 733) and this Order in the instant criminal case as well as in Civil Case No. 3:21-cv-296.

Signed: October 19, 2021

_____
Frank D. Whitney
United States District Judge